Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00639-CR

Ramiro **TREVINO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 07-11-0317-CRA
Honorable Stella Saxon, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: September 16, 2009

AFFIRMED

Ramiro Trevino was charged with the aggravated sexual assault of his girlfriend's thirteen-year-old daughter.  A jury found Trevino guilty of the lesser included offense of indecency with a child by contact and sentenced him to twenty years in prison and a fine of $10,000.00.  Trevino appeals the judgment, arguing his trial counsel was ineffective.  We affirm the judgment.

To establish ineffective assistance of counsel, a defendant must show (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced him to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). To show deficient performance the defendant must show counsel's performance fell below an objective standard of reasonableness and rebut the presumption that counsel's trial decisions were based on sound strategy. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The alleged ineffectiveness must be affirmatively demonstrated in the record, and "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 110-111 (Tex. Crim. App. 2003). When the record on direct appeal does not reflect the motive behind trial counsel's actions, appellant will generally be unable to establish that trial counsel's performance fell below an objective standard of reasonableness and, thereby unable to satisfy the first prong of *Strickland*. *Id.* To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence, *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *see Thompson*, 9 S.W.3d at 813; *Garcia v. State*, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994), *cert. denied*, 514 U.S. 1021 (1995).

Trevino first complains counsel was ineffective because he did not challenge a venire member for cause. The venire member stated during voir dire that she could not consider giving

Trevino probation if the jury found him guilty of aggravated sexual abuse of a child. The State did not attempt to rehabilitate the venire member and defense counsel did not challenge her for cause. The venire member became a juror. Trevino argues the failure to challenge the venire member for cause "was not a reasonable strategy, and ... her presence was a result of trial counsel's mistake or error, not a calculated choice."

We disagree with Trevino's contention that we must conclude counsel made an error instead of a calculated choice and that no reasonable trial strategy would support such a choice. The record is silent as to counsel's reasons for not challenging the venire member. However, it appears from the record that counsel made a deliberate choice not to challenge the venire member. Immediately after the venireperson stated her inability to consider probation, the trial judge advised defense counsel, "whenever you have a challenge you need to make it if you want to make it." Trevino's attorney acknowledged the judge's statement, but allowed voir dire to continue without challenging the venire member. Thereafter, counsel examined and successfully challenged several veniremen for cause, including ones who averred they could not consider probation for the offense charged. It is apparent counsel was aware he could challenge a venireperson on this ground and was capable of effectively making such a challenge. What is not apparent from the record is why counsel chose not to challenge this particular juror.

The record does not contain any other information about the venireperson – she was not asked any other individual voir dire questions and no juror information cards are in the record. However, the record reflects that in the morning, before the voir dire in this case, most members of the venire participated in the voir dire in another case. Defense counsel stated on the record that he was in the courtroom during that voir dire and heard most of the venire members' answers. Counsel

could have learned information about the venireperson during that session that does not appear in the record of this case. Counsel could have decided not to strike the venireperson based on what he observed in the earlier voir dire, information provided by Trevino, or the venireperson's demeanor. Moreover, counsel could have determined the venireperson would be good juror for the defense on the issue of guilt or innocence, and that this outweighed any punishment concerns.

Because the motive for counsel's inaction does not appear in the record and he could have made a sound tactical decision not to strike the venireperson, Trevino has failed to meet his burden under the second prong of *Strickland* to show counsel's performance fell below an objective standard of reasonableness.

Trevino next argues counsel rendered ineffective assistance because he failed to ensure a sworn application for probation was filed. During the punishment phase charge conference, after all the evidence had been presented, the State objected to the submission of a probation instruction because Trevino's application for probation was not sworn. Trevino's attorney expressed his belief the deputy clerk had notarized Trevino's signature at the time the motion was filed. The court sustained the objection and refused to submit the probation instruction.

To succeed on this ineffective assistance of counsel claim, Trevino must show that absent counsel's deficient performance, the result of the proceeding would probably have been different. *See Mitchell v. State*, 68 S.W.3d 640, 643 (Tex. Crim. App. 2002). The range of punishment for indecency with a child by contact, a second degree felony, is two to twenty years in prison and a fine of up to $10,000. TEX. PENAL CODE ANN. arts. 12.33, 21.11(a)(1) (Vernon 2003). Trevino would have been eligible for jury recommended probation only if the jury sentenced him to a term of

imprisonment that did not exceed ten years. TEX. CODE CRIM. PROC. ANN. art. 42.12, sec. 4(d)(1) (Vernon Supp. 2009).[1]

The evidence before the jury on punishment included the complainant's testimony that Trevino fondled her breasts and her vagina both on top of and under her clothing. The State's forensic DNA analyst testified a "substantial amount" of Trevino's DNA was present on a swab of the complainant's breast. Although the complainant's mother repeatedly testified she believed her daughter was lying, the jury obviously disagreed when it found Trevino guilty of indecency with a child by contact. During the punishment phase, the jury learned Trevino had previously been charged with indecency with a child. In that case, Trevino pleaded no contest to the charge in exchange for a recommendation that adjudication be deferred. Trevino successfully completed six years of community supervision and was discharged.

The jury heard from the complainant's mother that she was still seeing Trevino at the time of trial, he was "a good father figure" to her children, including the complainant's younger sister, and she wanted Trevino to stay with her. She testified that if Trevino were placed on probation, she would help him comply with the conditions. She stated she had not asked Trevino about the previous charge because she did not believe Trevino had committed any offense and continued to believe the complainant fabricated her story as well. Finally, the jury heard from an officer in the Atascosa County Adult Probation Department who supervises sex offenders that he would not recommend Trevino for probation.

---

[1] Jury recommended community supervision is no longer available to one convicted of indecency with a child if the victim is under fourteen years old. TEX. CODE CRIM. PROC. ANN. art 42.14, sec. 4(d)(5) (Vernon Supp. 2009); *see* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.06, 4.01(a), 2007 TEX. GEN. LAWS 1120, 1123, 1148 (making change in law effective for offenses committed on or after September 1, 2007). Trevino committed this offense in May 2007.

The jury was charged to impose a sentence of between two and twenty years incarceration and given the option of imposing a fine of up to $10,000. Trevino's counsel asked the jury to show leniency. After deliberating less than thirteen minutes, the jury imposed the maximum fine and prison term. Nothing in this record suggests the jury, had it been presented with the option of probation, would have imposed a sentence of ten years or less and recommended probation. Accordingly, Trevino has failed to show he was prejudiced by counsel's actions.

We therefore affirm the trial court's judgment.

Steven C. Hilbig, Justice

DO NOT PUBLISH